# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
O. ANDREW F. WILSON
KATHERINE ROSENFELD
ELIZABETH S. SAYLOR
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO
JULIA EINBOND
VASUDHA TALLA
JENNIFER M. KEIGHLEY
JILL MAXWELL
ALISON FRICK
DAVID LEBOWITZ
HAYLEY HOROWITZ

ATTORNEYS AT LAW
75 ROCKEFELLER PLAZA, 20TH FLOOR
NEW YORK, NEW YORK  10019

TELEPHONE
(212) 763-5000
FACSIMILE
(212) 763-5001
WEB ADDRESS
www.ecbalaw.com

CHARLES J. OGLETREE, JR.
DIANE L. HOUK

January 23, 2014

*By ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *Daniels v. City of New York, et al.*, No. 13 Civ. 6286 (PKC)

Dear Judge Castel:

  On behalf of the plaintiff, we write in reply to defendants' letter of January 16 (Dkt. No. 27) and in further support of our application for the production of Use of Force files in their entirety (Dkt. No. 25).

  Defendants do not dispute that in prior cases litigated between our offices and the City, the City has produced all the Use of Force reports for the named defendants, and not simply those reports that defendants themselves deemed excessive or unjustified force, without burdening the court with *in camera* review. *See*, *e.g.*, *Stanford v. City of New York*, 13-Civ-1736; *Belvett v. City of New York, et al.*, 09-Civ-8090; *Miller v. City of New York, et al.*, 08-Civ-4577.[1]

  Nor do defendants dispute that Use of Force reports, even those that did not lead to disciplinary charges and that are more than five years old, could lead to the discovery of admissible evidence or be admitted at trial to prove plaintiff's negligent retention and

---

[1] Because the City produced Use of Force reports in these cases without the need for Court intervention, there are no orders we can cite.  Contrary to defendants' claim (Def. Ltr. n. 2), in *Mull v. City of New York*, the City agreed to produce all pre-incident Use of Force reports for the individual defendant officers.  Judge Preska's ruling was limited to holding that the City need only produce substantiated post-incident Use of Force reports.  We did, however, erroneously list *Taylor v. City of New York* in our opening letter.  In *Taylor*, we did not request the defendants' complete Use of Force reports, because that case involved an inmate-on-inmate assault, not the use of force by correction officers.

EMERY CELLI BRINCKERHOFF & ABADY LLP
Page 2

supervision claim, for accepted 404(b) uses, or as impeachment material.

Instead, defendants argue that plaintiff's request is "premature" and should be deferred until after defendants produce the use of force reports they deem "substantiated" and a list of reports they deem "unsubstantiated" to be reviewed by the Court.[2] But there is no need to delay: the reports are discoverable, irrespective of what the records for the last five years show. (*Contra* Def. Ltr. at 2-3.) They should be produced immediately.[3]

There is no doubt that the Court is competent to perform *in camera* review, but it should not have to. The City has routinely produced such reports directly to us, rather than burden the court with *in camera* review, and there is no reason why this case merits different treatment. In addition, the parties are in the process of negotiating a protective order for this case, which will cover Use of Force reports, and further obviates the need for *in camera* review.

Defendants' assertion that this discovery is an attempt to "trawl for a viable cause of action" (Def. Ltr. at 3) is offensive: Mr. Spear died following the undisputed use of force by DOC officers and plaintiff has properly pled excessive force, wrongful death, and negligent supervision claims. Plaintiff's decision at this juncture not to plead a *Monell* claim alleging that the City has a policy of beating inmates to death reflects judicial restraint and the strength of the complaint, not the lack of a cause of action. Having chosen not to move to dismiss the complaint (presumably because they recognize its validity), defendants cannot now deny plaintiff discovery into his claims. This is routine discovery in an excessive force case against the DOC and it should be granted here.

Respectfully submitted,

/s/

EMERY CELLI BRINCKERHOFF
& ABADY LLP
Jonathan S. Abady
Katherine Rosenfeld
Zoe Salzman

THE LEGAL AID SOCIETY
Jonathan S. Chasan
Mary Lynne Werlwas

c.:   All counsel of record (*by ECF*)

---

[2] Although defendants made their initial production to plaintiff last week, they did not produce any Use of Force reports, nor have they said when they intend to make that production.

[3] In the sole case cited in support of defendants' position for a phased production, the court ordered production of ten years of reports (rather than the five defendants seek here) and declined to order more, solely on 404(b) grounds. *Phillips v. City of New York*, 277 F.R.D. 82, 83-84 (E.D.N.Y. 2011). The *Phillips* court did not address whether such documents might be discoverable to prove a negligent supervision claim (as plaintiff has pled here), nor as impeachment material.