USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-27-14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN DANIELS, ADMINISTRATOR,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------x

13 Civ. 6286 (PKC)

MEMORANDUM
AND ORDER

CASTEL, District Judge:

This action arises out of the violent death of Ronald Spear, plaintiff's son, while in the North Infirmary Command at Rikers Island. The allegations include the assertion that the two correctional officers used excessive force against Mr. Spear, who allegedly was in frail condition because he suffered from chronic renal insufficiency. The medical examiner is alleged to have found that Mr. Spear's death was caused by blunt-force trauma to the head.

At a pretrial conference, this Court ordered defendants to produce files in their possession containing allegations of use of force ("Use of Force Files") by two officers in prior incidents subject to the limitations that (a) the officer's misconduct was found to have been substantiated or proven in a departmental or other investigation or proceedings; and (b) the incident was within five years of the incident at issue in this action.[1] The Court also directed the defendants to submit unsubstantiated Use of Force Files to the Court for in camera review, after which the Court would determine whether they ought to be produced. Plaintiff urges the Court to reconsider its ruling and order the production of all Use of Force Files for two officers of the New

---

[1] Reference to Use of Force Files also includes files containing allegations of false statements or other misconduct pertaining to a use of force.

York City Department of Corrections without regard to date of the incident. The defendants oppose reconsideration. For reasons explained, the Court will grant plaintiff the relief sought, subject to an appropriate confidentiality order.

In this district, requests to discover unsubstantiated reports of excessive force have been scrutinized based on case-specific factors. Compare Gibbs v. City of New York, 243 F.R.D. 95 (S.D.N.Y. 2007) (Sand, J.) (allowing discovery of unsubstantiated claims involving allegations similar to those at issue, regardless of age, and denying in camera review) with Thompson v. City of New York, 2006 WL 298702 (S.D.N.Y. Feb. 7, 2006) (Crotty, J.) (concluding, upon prior in camera review, that no unsubstantiated claims need be produced).

Rule 26(b), Fed. R. Civ. P., permits the Court for good cause to order discovery of any matter relevant to the action's subject matter. The information sought need not be admissible, provided that it appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(2)(C)(i) requires that the Court limit discovery that is unreasonably cumulative or duplicative, or may be obtained in a less burdensome or less expensive way. There has been no showing that burden or expense are relevant considerations and, indeed, the defendants voice no opposition to in camera review of the documents by the Court.

Rule 26(b)(2)(C)(iii) sets out a balancing test of the burden versus the likely benefit in allowing the discovery "considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." The Rule incorporates the concept of proportionality. Consideration of the balancing test and the factors cited in the Rule leads this Court to favor production of the Use of Force Files without regard to date and whether the charges were substantiated. Notably, the application is limited to the two alleged participants and not a variety of collateral actors, such as supervisors and those subsequently responding to the scene. The discovery

2

sought is principally for the purpose of supporting the excessive force claim and not in aid of a vague or poorly defined pattern or practice claim. Further, the request is tailored to prior use of force incidents and not to any and all prior disciplinary matters. This is a case resulting in a loss of life in which the damages are likely to be substantial. The issue of whether state actors used excessive force resulting in a loss of life is an important one.

Evidence of a prior wrongful similar act is often valuable, i.e. important, to a jury on issues of "intent . . . absence of mistake, or lack of accident." Rule 404(b), Fed. R. Evid. An unsubstantiated allegation, depending upon surrounding facts, may have little or no probative value but the contents of the file may lead to a party's ability to develop admissible evidence with substantial probative value. This Court will determine the admissibility of any Rule 404(b) evidence at an appropriate juncture and with the balancing of the factors under Rule 403, Fed. R. Evid. Compare Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (no abuse of discretion in denying discovery of prior "exonerated" claims of excessive force because under Rule 403, the prior acts would not have been admissible) with Lewis v. City of Albany Police Dept., 547 F.Supp.2d 191 (N.D.N.Y. 2008) (unsubstantiated claims of excessive force found admissible, distinguishing Berkovich).

Upon further reflection, the useful device of in camera review is not well suited to the discovery sought. Where a recognized privilege is asserted, the Court has an established body of privilege law to apply to a universe of documents presented to it in camera. But, here, a review of prior disciplinary files requires a court to make predictive judgments as to how a skilled plaintiff's lawyer might seek to use the document and then shift gears and determine whether the use would likely be permissible, given the age and similarity of events. No persuasive reason has been presented why such a process is necessary or useful in this case.

These files, however, may contain information relating to third parties and their medical conditions, as well as scurrilous and unsubstantiated assertions made out of spite against the two officers. But appropriate protection may be found in a well-crafted confidentiality order.

The Use of Force Files shall be produced as to the two officers without regard to date or whether the claim is substantiated. Counsel shall meet and confer on a proposed confidentiality order to be submitted to this Court within 7 days. Upon entry of the confidentiality order, the files shall be produced to plaintiffs 14 days thereafter.

SO ORDERED.

New York, New York
January 27, 2014

P. Kevin Castel
United States District Judge